United States District Court
Southern District of Texas

**ENTERED**

October 17, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-CV-00248 |
| | § | |
| 0.892 ACRES OF LAND, MORE OR LESS, *et* | § | |
| *al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Now before the Court is Plaintiff United States of America's Motion to Compel Discovery

Responses from Defendant Las Milpas, L.L.C., on the remaining issue in this case: what

constitutes just compensation to Defendant for the taking of its property.  (Dkt. No. 38).  Plaintiff's

Motion originally sought to compel Defendant's supplementation of its interrogatory answers and

responses to requests for production as to the following six categories of information sought by

Plaintiff: (1) purchase price of the parent parcel; (2) appraisals/opinions of value; (3) clarification

of ownership; (4) access issues; (5) income from property; and (6) subdivision plan details.  (*Id.*).

Defendant provided some of the requested information in its response to the Motion, to the extent

that Plaintiff has now withdrawn all but its request to compel supplemental answers and documents

related to the following: (1) the amount Defendant paid to purchase the parent parcel in 2008; and

(6) the date when the single document offered as proof of Defendant's subdivision plans for the

property—plans that were allegedly derailed by the taking—was prepared.  (Dkt. Nos. 41, 42).

The scope of permissible discovery encompasses any nonprivileged matter that is relevant

to any party's claim or defense, and proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1);

*see also* FED. R. CIV. P. 33(a)(2), 34(a).  Defendant's response resists providing the amount paid

for the parent parcel in 2008, both because "Plaintiff's expert already formulated his opinion of

value without [it]," and "because of the drastic increase of property values between 2008 and 2020," such that "the 2008 purchase price would not aid either expert or the fact finder in determining the fair market value of the property" at the time of the taking.  (Dkt. No. 41 at ¶ 5(A)).  Plaintiff, in reply, highlights Defendant's expert's claims that the parent parcel's highest and best use is as a residential multi-family subdivision—despite its location "in a FEMA floodplain south of the IBWC levee"—and that "the 0.892-acre taking has caused a 90% diminution in value to the remaining 7.018 acres of property."  (Dkt. No. 42 at ¶ 6).  Plaintiff asserts that the sought-after information would aid in testing these claims, and the alleged "drastic" increase in the property's value but for the taking, and the Court agrees.  (*Id.* at ¶¶ 6-8).  Discovery of the purchase price will aid in "insuring that the Government does not pay more than what the owner justly requires," and the Court will compel its production.  (*Id.* at ¶ 5) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996)).

As to the final category of supplemental information sought—Defendant's subdivision plans for the property—Defendant's response asserts that it has produced all documents in its possession, which cannot be supplemented since the plans "ended because of the border wall[.]" (Dkt. No. 41 at ¶ 5(F)).  Plaintiff replies that the documents produced amount to one—an undated drawing of a proposed subdivision—and that whether this document was prepared before or after the taking is relevant and discoverable.  (Dkt. No. 42 at ¶¶ 9, 10).  Since discovery of the date of the document's preparation would allow Plaintiff to test Defendant's valuation theory, the Court agrees and will order the production of this information.

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Motion to Compel is **GRANTED** and Defendant shall supplement its discovery responses, within 21 days of the date

of this Order, with answers and documents related to the following: the purchase price of the parent

parcel in 2008; and the date when the drawing of the proposed subdivision was prepared.

        SO ORDERED October 17, 2022, at McAllen, Texas.

Randy Crane
United States District Judge